UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VICTOR CHARLES FOURSTAR, JR., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD TRUMP, *et al.*, <br><br> Defendants. | CASE NO. C19-1899-RSL-MLP <br><br> REPORT AND RECOMMENDATION |

Plaintiff Victor Fourstar has presented to this Court for filing a civil rights complaint pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and an application to proceed with this action *in forma pauperis*. (*See* Dkt. ## 1, 21.) Plaintiff Fourstar was confined at the Federal Detention Center in SeaTac, Washington (FDC SeaTac) at the time he filed the complaint, though he has since been transferred to a Pre-Release Center in Billings, Montana. (*See* Dkt. # 1-1 at 4; Dkt. # 27.) Ten other individuals, all of whom were apparently confined at FDC SeaTac with Plaintiff Fourstar, also signed the complaint. (*See* Dkt. #1-1 at 2, 22.) Three of those individuals – Bruce Denny, Alexander Hawatmeh, and Samuel E. Michael,

REPORT AND RECOMMENDATION
PAGE - 1

Sr. – have also submitted applications for leave to proceed with this action *in forma pauperis*.[1] (Dkt. ## 22-24.)

The claims alleged in the complaint cover a wide range of topics including wrongful computation of sentences under the First Step Act, wrongful imposition of "mass punishment," denial of medical, dental, and mental health care, denial of access to religious services, denial of appropriate wages under the Federal Minimum Wage Act, and denial of compensation for injuries arising out of prison jobs. (*See* Dkt. # 1-1 at 7-21.) The only claims alleged with any specificity pertain to Plaintiff Fourstar, though more conclusory claims pertaining to the other purported Plaintiffs are sprinkled throughout the pleading. There are twenty-five Defendants named in the complaint ranging from President Donald Trump and Attorney General William Barr, to the Director of the Bureau of Prisons, the United States Parole Commission, and various officials, medical providers, and staff members at FDC SeaTac and the Federal Correctional Institution at Sheridan, Oregon. (*See id*. at 1-3.) Plaintiff Fourstar, purportedly on behalf of all named Plaintiffs, seeks class certification. (*See id*. at 15, 18.) Plaintiffs request declaratory and injunctive relief, and billions of dollars in damages. (*See id*. at 22-23.)

Pursuant to 28 U.S.C. § 1915(g), a prisoner may not proceed *in forma pauperis* in a civil action if he has, on three or more prior occasions, brought civil actions or appeals that were

---

[1] At the outset of this action, the Clerk sent letters to each of the eleven purported Plaintiffs advising them that their initial submission was deficient because of their failure to meet the filing fee requirement. Specifically, Plaintiff Fourstar was advised that his *in forma pauperis* application was deficient because it was submitted on the wrong form. (Dkt. # 5.) The remaining ten Plaintiffs, none of whom had submitted applications to proceed *in forma pauperis* in the first instance, were advised that they would have to either submit such an application, or pay the $400 filing fee, if they wished to proceed with this action. (Dkt. ## 6-15.) Five of the Clerk's letters were returned as undeliverable (dkt. ## 16-20), four Plaintiffs submitted completed applications to proceed *in forma pauperis* (dkt. ## 21-24), one Plaintiff submitted an *in forma pauperis* application that contained a deficiency that was never corrected (*see* dkt. ## 25-26), and the remaining Plaintiff never responded in any fashion to the Clerk's letter.

REPORT AND RECOMMENDATION
PAGE - 2

dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. Over the past fifteen years, Plaintiff Fourstar has been an active litigant in federal courts across the country, and during that time he has had at least three cases dismissed for failure to state a claim or as frivolous. *See Fourstar v. Clark, et al.*, 2018 WL 6421741 (D. Mont. Dec. 6, 2018); *Fourstar v. Bullock, et al.*, 2018 WL 6420381 (D. Mont. Dec. 6, 2018); *Fourstar v. Murlak, et al.*, 2010 WL 2163993 (C.D. Cal. May 26, 2010). In addition, Plaintiff's status as a three-strikes litigant has been recognized by both the District of Oregon and the Northern District of Florida. *See Fourstar v. Hurwitz, et al.*, 3:19-cv-400-MK (D. Oregon, dismissed May 29, 2019); *Fourstar v. Hooks*, 2016 WL 8809215 (N.D. Fla. Dec. 16, 2016).

Given Plaintiff's status as a three-strikes litigant, he may not proceed with this action without prepayment of the full filing fee unless he shows he was "under imminent danger of serious physical injury" at the time he signed his pleading. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."). The imminent danger exception requires a prisoner allege a danger which is "ready to take place" or "hanging threateningly over one's head." *Id.* at 1056 (internal citations omitted).

In materials submitted with his application to proceed *in forma pauperis*, Plaintiff asserts that he is entitled to an exception to the three-strikes rule based on the imminent danger exception. (*See* Dkt. # 21-4.) Plaintiff cites to a laundry list of chronic medical and mental health issues which he suggests are sufficient to qualify him for the imminent danger exception, and he also cites to an increase in the number of violent non-sex offenders in his housing unit at FDC

REPORT AND RECOMMENDATION
PAGE - 3

SeaTac which he believes poses a threat to sex offenders such as himself. (*Id.*) None of Plaintiff's allegations, however, suggest that serious physical injury was, in fact, "imminent" at the time Plaintiff filed his complaint. This Court therefore concludes that Plaintiff Fourstar is ineligible to file this lawsuit in federal court without paying the $350.00 filing fee plus a $50.00 administrative fee (for a total of $400.00).

As noted above, there are three additional Plaintiffs who have filed applications to proceed with this action *in forma pauperis*. However, the claims asserted on behalf of these Plaintiffs by Plaintiff Fourstar are not particularly well developed and are insufficient, at this juncture, to adequately state any claim for relief. Moreover, Plaintiff Fourstar may not bring claims on behalf of others in a representative capacity, and this case may not proceed as a class action given the pro se status of the Plaintiffs. *See Anderson v. Brown*, 668 Fed. App'x 221, 222 (9th Cir. 2016) (reiterating that a pro se prisoner cannot litigate a case as a class action). If Plaintiffs Denny, Hawatmeh, and Michael wish to pursue their claims, they will have to do so individually, and in separate actions where they clearly set forth both their grounds for relief and the specific facts upon which they rest. Given that these Plaintiffs were likely unaware of the factors which would prevent them from pursuing this action as a group with the assistance of Plaintiff Fourstar, their *in forma pauperis* applications should be denied as moot so they will not be penalized for signing Plaintiff Fourstar's ill-advised class action complaint.

Based on the foregoing, this Court recommends that Plaintiff Fourstar's application to proceed *in forma pauperis* (dkt. # 21) be denied. Plaintiff Fourstar should be directed to pay the filing fee within thirty (30) days of the date on which this Report and Recommendation is adopted, and this action should be terminated if Plaintiff fails to do so. This Court further

recommends that the *in forma pauperis* applications of Plaintiffs Denny, Hawatmeh, and Michael (dkt. ## 22-24) be denied and that the claims asserted on their behalf be dismissed without prejudice. Finally, this Court recommends that all claims asserted on behalf of Plaintiffs Clint Soosay, Richie Shane, Aloysious Wells, David McQueen, Paul Bergin, Eric Solcol, and Bruce Lewis, none of whom satisfied the filing fee requirement, be dismissed without prejudice for failure to prosecute. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on April 3, 2020.

DATED this 12th day of March, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge